In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00205-CR


______________________________




CHARLIE CANIDA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 20151




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Charlie Canida appeals from his jury conviction of possession of a controlled substance under
one gram. (1) See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). The trial court
sentenced Canida to confinement for one year at a state-jail facility. Canida was represented by
appointed counsel at trial and by different appointed counsel on appeal. Canida's attorney has filed
an appellate brief in which he concludes that, after a review of the record and the related law, the
appeal is frivolous and without merit. 

 The appeal in this case concerns the arrest of Canida for possession of less than one gram of
methamphetamine. Police were at a property called the "Fish Camp" (this group of buildings, travel
trailers, and a boat ramp is used by "squatters" on land owned by either Kiamichi Railroad or by the
State of Texas) to serve an arrest warrant on one of the occupants of the camp. While the police
were there, Canida (who used the camp occasionally, and who was an "owner" of a travel trailer
there) drove by, slowed, but did not stop. The police followed Canida and stopped him for a traffic
violation. Canida gave permission to search his pickup truck. The police found less than one gram
of methamphetamine in the pocket of the door of Canida's truck. 

 Appellate counsel summarizes the trial in his brief and states that he has studied the record
and finds no error preserved for appeal that could be successfully argued. The brief contains a
professional evaluation of the record and advances three arguable grounds for review. This meets
the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Canida on January 23, 2007, informing Canida of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. Canida has not filed
a response, nor has he requested an extension of time in which to file such a response. 

 We have reviewed the possible issues raised by counsel in his appellate brief, and we agree
with his assessment that no reversible error exists. Our review of the record has not revealed other
error. (2)

 We affirm the judgment of the trial court. 


 Jack Carter

 Justice


Date Submitted: April 2, 2007

Date Decided: April 3, 2007


Do Not Publish

1. The offense addressed in this opinion was tried together with an offense for possession of
a controlled substance of four to 200 grams of methamphetamine. That judgment is being appealed
separately, and those issues are addressed in our opinion issued in cause number 06-06-00204-CR.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Canida in this case. No substitute
counsel will be appointed. Should Canida wish to seek further review of this case by the Texas
Court of Criminal Appeals, Canida must either retain an attorney to file a petition for discretionary
review or he must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure.


 of self-defense, including
the duty to retreat. The court, however, qualified this defense by also instructing the jury on
provocation:

 You are further instructed as part of the law of this case, and as a qualification
of the law on self-defense, that the use of force by a defendant against another is not
justified if the defendant provoked the other's use or attempted use of unlawful force,
unless


 (a) the defendant abandons the encounter, or clearly communicates to the
other his intent to do so reasonably believing he cannot safely
abandon the encounter; and 

 

 (b) the other person, nevertheless, continues or attempts to use unlawful
force against the defendant. 


The charge then instructed the jury that, if it found beyond a reasonable doubt that Flores committed
some act or used some language, or a combination of both, with the intent "to produce the occasion
for shooting Damon Barlow," and if such act or words of Flores were reasonably calculated to, and
did "provoke a difficulty" wherein Barlow attacked Flores with deadly force or reasonably appeared
to Flores to "so attack [Flores] or to be attempting to so attack [Flores]," and Flores then shot Barlow
"in pursuance of his original design," the jury should convict Flores. It has been established that this
charge on provocation was error. Flores, 194 S.W.3d at 38, vacated & remanded on other grounds,
224 S.W.3d 212.

 Where a trial court's charge to the jury contains error, we should analyze the error for harm
under the standard of Article 36.19. See Tex. Code Crim. Proc. Ann. art. 36.19. An appellate
court will not reverse a conviction or sentence on the basis of jury charge error "unless the error
appearing from the record was calculated to injure the rights of the defendant, or unless it appears
that the defendant has not had a fair and impartial trial." Tex. Code Crim. Proc. Ann. art. 36.19. 
In Almanza, (5) the Texas Court of Criminal Appeals concluded that this language created two separate
harm-analysis standards: the first to be used when a timely objection is made to the charge; the
second to be used when no such objection appears in the record. The first standard dictates that
reversal should occur if the defendant made a timely objection and if there is some harm to the
defendant from the error. Id. at 171. Properly preserved jury-charge error requires reversal unless
it is harmless.

 Here, because Flores timely objected to the trial court's inclusion of an instruction on the
language of provocation in the jury charge, his conviction must be reversed if he can show any
degree of harm. In making this determination, "the actual degree of harm must be assayed in light
of the entire jury charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information revealed by the
record of the trial as a whole." Id.; see also Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App.
2000). The burden of proof lies with the appellant to persuade the reviewing court that he or she
suffered some actual harm as a consequence of the charging error, and if he or she is unable to do
so, the error will not result in a reversal of the conviction. Abdnor v. State, 871 S.W.2d 726, 732
(Tex. Crim. App. 1994).

 "[T]he presence of any harm, regardless of degree, which results from preserved charging
error, is sufficient to require a reversal of the conviction. Cases involving preserved charging error
will be affirmed only if no harm has occurred." Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim.
App. 1986) (no harm where no definition of reasonable belief); see also Cathey v. State, 992 S.W.2d
460, 466 (Tex. Crim. App. 1999) (failure to instruct jury on accomplice-witness rule harmless error
where sufficient evidence to convict defendant as principle). 

 On the other hand, the appellant must demonstrate actual, as opposed to possible, harm. 
Medina v. State, 7 S.W.3d 633 (Tex. Crim. App. 1999). Significant evidence militating against a
defense-requested instruction or finding can render an error harmless. Id. at 642-43. 

 The State began to attack any self-defense theory in opening argument, telling the jury, "you
will see that this is not self-defense. You will see that the defendant opened fire with an assault rifle
on a car full of people on a freeway that even he admits had innocent people driving on it." The
State argued that Flores had arranged the "drug deal" on the night of the killing, based on what had
allegedly happened two weeks before, to retaliate against Barlow. Flores argued self-defense in his
closing argument. In the State's closing rebuttal, it was urged that Flores had set up the second "buy"
in order to retaliate against Barlow. "[Flores] was going there to show everybody that he wasn't
going to put up with being robbed. That he was going to retaliate and show everybody that he was
tough." Near the end of the State's argument, it returned to Flores' "duty to retreat" and that he could
not provoke the acts against which he claimed to be defending himself. In the closing rebuttal,
covering about ten pages of argument, the State made at least four references to Flores having
planned the encounter and purchasing the gun.

 Under the unchallenged instruction on self-defense, the jury was instructed to reject Flores'
claim of self-defense if it found that "a reasonable person in [Flores'] situation would have retreated
before using deadly force." Put another way, the jury could not have found that Flores acted in self-defense if it concluded that a reasonable person--chasing a vehicle down an urban highway and
being shot at from the pursued vehicle--would have retreated or broken off the pursuit before using
deadly force in self-defense.

 The erroneously given provocation instruction was, by its terms, a limitation on the self-defense instruction. Our job is to determine whether there was any harm, that is, whether, in the
absence of the provocation instruction, there would have been any chance that the jury would have
found that Flores acted in self-defense. To find that Flores acted in self-defense, the jury would need
to be convinced of two things: (1) that, while the Flores vehicle chased the Barlow vehicle, someone
in the Barlow vehicle shot at the Flores vehicle causing Flores to reasonably believe that deadly force
was immediately necessary to protect himself and (2) that the situation was such that a reasonable
person in Flores' situation would not have retreated before using deadly force in self-defense. Flores
has not persuaded us that either question might have been answered in his favor. Therefore, he has
not shown harm from the provocation instruction.

 Flores initiated the encounter in question. He initially set up the false drug transaction with
Barlow after having purchased an assault weapon which he brought to that meeting. He chased
Barlow down the urban expressway at approximately 10:00 p.m. There was testimony by a
passenger in the Barlow vehicle that no shot was fired from the Barlow vehicle and that there were
not even any guns in that vehicle. The only contrary testimony came from Flores, who claimed shots
came first from the Barlow vehicle and who also claimed that he neither buys nor sells drugs. The
State also pointed out, on cross-examination of Flores, that, when he spoke to police immediately
after the incident, he said only that their car had been run off the road and said nothing about any
shots coming from the other car. There were bullet holes in the Barlow vehicle, but none in the
Flores vehicle. The bullet holes in the Barlow vehicle were both in the vehicle's rear and side. The
only people shot were in the Barlow vehicle. Flores came into the encounter having every reason
to be angry with Barlow; in fact, Flores had taken numerous steps calculated to respond to, even
retaliate for, Barlow's theft of drugs from him two weeks earlier. The chase happened on a Houston
expressway, and Flores was the pursuer. Nothing suggested that any conditions, such as heavy
traffic, would have hindered Flores from stopping, slowing, or exiting the freeway entirely; thus,
nothing demonstrated that Flores lacked a reasonable avenue of retreat should he have had any
inclination to break off the chase. Nothing suggested that Flores was essentially trapped into using
deadly force to defend himself. No evidence or inference suggests that a reasonable person in Flores'
situation would not have retreated.

 On this record, we cannot imagine the jury finding that Flores acted in self-defense, even
without the provocation instruction. Therefore, we conclude the provocation instruction caused no
harm.







 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 22, 2007

Date Decided: January 3, 2008 


Do Not Publish
1. The State's requested instruction on provocation was given immediately following, and as
a qualification to, Flores' requested instruction on self-defense and instructed the jury, in essence,
that no self-defense by Flores was authorized if he had intentionally provoked the behavior he was
allegedly defending against, unless Flores abandoned the encounter or clearly communicated his
intent to do so and the other party nonetheless continued or attempted to use unlawful force against
Flores. 
2. Flores v. State, 224 S.W.3d 212 (Tex. Crim. App. 2007).
3. In our earlier opinion, we analyzed this error using the standard of Rule 44.2(b) of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 44.2(b). The Texas Court of Criminal Appeals
instructed us this was the wrong standard. Rather, we should have applied Article 36.19 of the Texas
Code of Criminal Procedure.
4. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.
5. 686 S.W.2d at 171.